## SUPREME COURT.

THE NEW YORK AND HARLEM RAILROAD COMPANY agt. THE FORTY-SECOND STREET AND GRAND STREET FERRY RAILROAD COMPANY and others.

The right or claims of the *city of New York*, or of a *railroad company* running through said city, to the use or privilege of the *streets* of the city, must be regarded as conclusively settled by the *court of appeals* in the case of *The People* agt. *Kerr* (25 *How. Pr. R.* 258).

The interest which the New York and Harlem Railroad Company have in the *Fourth avenue* of the city of New York is a *right of way ;* its franchise consists in its right to lay and use exclusively a railroad, subject to the duty of running public cars thereon. It has no control or interest whatever in that part of Fourth avenue *not occupied by its own road, except that common to the rest of the community ;* that is, that it shall be kept free and clear *for public use.*

Consequently, the said railroad company cannot by action *restrain another railroad company* from laying a track for public use in Fourth avenue, each side of the plaintiff's railroad, so long as the action of the second railroad company is not *malicious,* although there may be difficulty of access to the plaintiff's cars by reason of the second railroad.

*New York Special Term, October,* 1863.

THE plaintiff, a railroad corporation, has a railroad running through certain streets in the city of New York, and in its course passing through Fourth avenue between Twenty-third and Fourteenth streets.

The defendants are the proprietors of a railroad running from Fourth avenue west on Twenty-third street, and from Fourth avenue east on Fourteenth street. The defendants propose and are about to connect their railroads on Twenty-third and Fourteenth streets, by laying connecting tracks on Fourth avenue, between Fourteenth and Twenty-third streets. Both branches of the defendants' road have a double track, and the plaintiff has also a double track, and the defendants propose to lay their track in Fourth avenue —one track on each side of the plaintiff's tracks. This would leave the plaintiffs double track in the centre of the street, and a single track of the defendants on either side. This would also leave twelve feet between the track of defendants and the curb on each side. This proceeding is complained of by the plaintiff as interfering with its use of its own property, in that it will obstruct the easy access to the plaintiff's cars from the sidewalks. The plaintiff also alleges that it cannot allow the defendants to use its (the plaintiff's) tracks, because its tracks are already fully occupied with the plaintiff's own business. The plaintiff also assumes certain exclusive rights to the use of Fourth avenue for a railroad, under its agreement with the city,

and claims that no right to lay a track in the street can be granted, unless with the consent of the city, or payment to the city therefor.

The defendants had commenced laying their track when the plaintiff commenced this action to restrain their so doing, and obtained a preliminary injunction. This injunction the defendants now move to dissolve.

> Moses Ely and H. W. Robinson, *for defendants.*
> Horace F. Clark, *for plaintiff.*

Peckham, Justice. The objection as to the legal passage of the act under which the defendants claim, is sufficiently answered on the point as to which it was assailed. So far as any right or claims of the city, or of the plaintiff through the city, are concerned, we must regard them as conclusively settled by the court of appeals in the case of *The People* agt. *John Kerr and others* (25 *How. Pr. R.* 258).

So far as the proposed action of the defendants would be injurious to the plaintiff by competition, or otherwise than by directly taking the property of the plaintiff, we must regard the question as settled by the case of *The Charles River Bridge* agt. *Warren Bridge*, in the supreme court of the United States, and also by the claim of plaintiff's charter reserving to the state the right to alter or repeal its charter. (*Sherman* agt. *Smith*, 1 *Black*, 587.)

The case, then, must turn on the one question, whether the running by the defendants of a track on either side of the plaintiff's track is such an actual taking of the actual property of the plaintiff as cannot be done without compensation ; for though there may be some question whether the crossing of plaintiff's track would not be such a taking as would require compensation, yet no such question is raised by the bill and answer or the papers on this motion. There is very little force, I think, in the objection that it is proposed to lay defendants' track so near to plaintiff's as to injure or practically interfere with its

running. The track proposed is the same distance from plaintiff's track that plaintiff's tracks are from each other, viz., five feet. The interest which the plaintiff has in Fourth avenue is a right of way ; its franchise consists in its right to lay and use exclusively a railroad, subject to the duty of running public cars thereon. It has no control or interest whatever in that part of Fourth avenue not occupied by its own road, except that common to the rest of the community, *i. e.*, that it shall be kept free and clear for public use.

All and any persons have a right to pass along said street. They cannot stop and obstruct it. The crowd of passers may be so great as in itself to be an obstruction, yet, so long as it is a moving crowd, whether of individuals or vehicles of any description, it is a legal use of the street. Were the defendants, then, about to run any number of omnibuses, or other ordinary wheeled vehicles, the plaintiff could not complain. The injury to its road might be as great or even greater than that which may accrue from the proposed action of the defendants, and yet, so long as their action was not malicious, it cannot be pretended that the plaintiff would have a right to complain.

This shows that the consequence of which the plaintiff complains, *i. e.,* difficulty of access to its cars, may exist, and the plaintiff have no cause of action ; in other words, the fact may exist and be no wrong. Can it, then, be claimed that that which if caused by one means is not wrong, becomes a wrong on being effected by another means ?

The use of a city street by a railroad for running public cars has been decided to be a public use, the exclusive right to the track being controlled by the public right to the cars, that being, as the running of the defendants' cars would be, but an exercise by the public of the public right of way. The cars will not run unless in obedience to the public wants, for otherwise they would not pay. Should

they do so for the mere sake of malicious annoyance to the plaintiff, other questions would arise. If, then, after the running of the plaintiff's road, the public retained a right to the use of the rest of the street, as a public street and for public use, and if this proposed use by the defendants be, as has been decided, a public use, the plaintiff has suffered no infringement of its rights or property; and the injuncton must be dissolved, with ten dollars costs.